UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WARR, <br><br> Plaintiff, <br><br> v. <br><br> CATES, <br><br> Defendant. | Case No.: 1:20-cv-01091-SAB (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE <br><br> (ECF No. 8) |

  Plaintiff Calvin Warr is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On September 22, 2020, the Court issued an order striking Plaintiff's complaint because it was not signed under penalty of perjury, and Plaintiff was directed to file an amended complaint within thirty days. (ECF No. 7.) Plaintiff failed to file an amended complaint or otherwise communicate with the Court. Accordingly, on November 2, 2020, the Court issued an order for Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF No. 8.) Plaintiff has failed to respond to the Court's order to show cause and the time to do so has passed.

///

///

///

1

# I.

# DISCUSSION

Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for several months, and Plaintiff failed to file an amended complaint signed under penalty of perjury. Plaintiff is obligated to comply with the Local Rules in filing a proper complaint. Plaintiff also failed to respond to the Court's order show cause why this action should not be dismissed. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a

case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.

The Court's November 2, 2020 order to show cause expressly warned Plaintiff that his failure to comply with the Court's order would result in the dismissal of this matter for failure to prosecute and failure to comply with a court order. (ECF No. 8.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use. Accordingly, dismissal of the action is warranted.

## II.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to prosecute and failure to comply with a court order.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

///

3

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2020**

UNITED STATES MAGISTRATE JUDGE